UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

| | |
|---|---|
| **RICHARD SERVILLO**, an individual, <br><br> Plaintiff, <br><br> v. <br><br> **SOLA MEDI SPA, LLC**, a Florida limited liability company, <br><br> Defendant. | CIVIL ACTION <br><br> Case No. 2:20-cv-130 <br><br> Judge: <br><br> Mag. Judge: |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**NOW COMES** the Plaintiff, **RICHARD SERVILLO** ("**SERVILLO**" or "Plaintiff"), by and through undersigned counsel, and states the following for his Complaint:

**CAUSES OF ACTION**

1. This is an action brought under Title VII of the Civil Rights Act of 1964 ("Title VII") and the Florida Civil Rights Act ("FCRA") for (1) sexual harassment in violation of Title VII, (2) sexual harassment in violation of the FCRA, (3) retaliation in violation of Title VII, and (4) retaliation in violation of the FCRA.

**PARTIES**

2. The Plaintiff, **RICHARD SERVILLO** ("**SERVILLO**") is an individual and a resident of Florida who at all material times resided in Lee County, Florida and worked for the Defendant in Lee County, Florida.

1

3. The Defendant, **SOLA MEDI SPA, LLC** ("**SOLA**") is a Florida limited liability corporation and has a principal place of business located in Lee County, Florida. **SOLA** employs more than 15 employees and was the employer of **SERVILLO**.

## JURISDICTION AND VENUE

4. This Court has jurisdiction of this matter under 28 U.S.C. §1331.

5. This Court has supplemental jurisdiction over **SERVILLO**'s state law claims pursuant to 28 U.S.C. § 1367.

6. Venue is proper in the United States District Court for the Middle District of Florida because the Plaintiff worked in, and the Defendants conduct business in, and some or all of the events giving rise to Plaintiff's claims occurred in Lee County, Florida, which is within the Middle District of Florida. Venue is proper in the Fort Myers Division under Local Rule 1.02(b)(5) since the action accrued in Lee County, which is within the Fort Myers Division.

7. **SERVILLO** received his Notice of Right to Sue from United States Equal Employment Opportunity Commission ("EEOC") on December 9, 2019 and the instant Complaint is filed within the time frame required under the law. (A true and accurate copy of the Notice of Right to Sue is attached as Exhibit A.)

## GENERAL ALLEGATIONS

8. In December 2018, **SERVILLO** entered into discussions with the Defendant to relocate from the State of New Jersey and begin employment in January 2019 as a salesman/marketer.

9. **SERVILLO** began his employment with the Defendant in January 2019, and, for the brief time he was employed, **SERVILLO** always performed his assigned duties in a professional manner. He was very well qualified for his position.

10. In or about mid-January 2019, **SERVILLO** experienced sexual harassment in the workplace.

11. Specifically, his boss (Tricia Tobias) began engaging in unwanted physical touching in an attempt to engage in sexual intercourse with **SERVILLO**. This included trying to kiss **SERVILLO** and touch his genitalia.

12. She also engaged in sexually explicit communications with **SERVILLO** whereby she sent provocative photographs and text message, and then premised **SERVILLO**'s continued employment upon him agreeing to be in a romantic/sexual relationship with her.

13. When **SERVILLO** refused, she promptly terminated his employment and then denied ever employing him in the first place (despite text messages confirming **SERVILLO** had started his employment).

14.

15.

**COUNT I – VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, SEXUAL HARASSMENT**

16. Plaintiff incorporates by reference Paragraphs 1-13 of this Complaint as though fully set forth below.

17. **SERVILLO** is a male and as such, is a member of a protected class.

18. At all material times, **SERVILLO** was an employee and Defendant was his employer covered by and within the meaning of Title VII of the Civil Rights Act of 1963, 42 U.S.C §2000e.

19. **SERVILLO** was, and is, qualified for the positions that he held with Defendant.

20. **SERVILLO** has endured *quid pro quo* sexual harassment, gender-based comments, harassment, jokes, unwanted sexual touching and disparate treatment while employed

with the Defendant, thereby altering the terms and conditions of his employment and creating a hostile work environment.

21. The acts, failures to act, practices and policies of *quid pro quo* set forth above constitute intentional discrimination on the basis of **SERVILLO**'s gender in violation of Section 703 of Title VII, 42 U.S.C. § 2000e-2.

22. As a direct and proximate result of the violations of 42 U.S.C. § 2000e et seq. as referenced and cited herein, **SERVILLO** has lost benefits and privileges of his employment and has been substantially and significantly injured in his career path.

23. As a direct and proximate result of the violations of 42 U.S.C. § 2000e et seq. as referenced and cited herein, and as a direct and proximate result of the prohibited acts perpetrated against him, **SERVILLO** is entitled to all relief necessary to make him whole as provided for under 42 USC § 2000e et seq.

24. As a direct and proximate result of Defendant's actions, **SERVILLO** has suffered damages, including but not limited to, a loss of employment opportunities, loss of past and future employment income and fringe benefits, humiliation, and non-economic damages for physical injuries, mental and emotional distress.

25. **SERVILLO** has exhausted his administrative remedies and this count is timely brought.

**WHEREFORE**, Plaintiff requests trial by jury of all issues so triable as of right, and:

i. Injunctive relief directing Defendant to cease and desist from all sexual harassment;
ii. Back pay and all other benefits, perquisites and other compensation for employment which plaintiff would have received had he maintained his position with the Defendant, plus interest, including but not limited to lost salary and bonuses;

iii. Front pay, including raises, benefits, insurance costs, benefits costs, and retirement benefits;

iv. Reimbursement of all expenses and financial losses Plaintiff has incurred as a result of Defendant's actions;

v. Declaratory relief declaring the acts and practices of Defendants to be in violation of the statute cited above;

vi. Punitive damages;

vii. Reasonable attorney's fees plus costs;

viii. Compensatory damages, and;

ix. Such other relief as this Court shall deem appropriate.

## COUNT II – VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT OF 1992, SEXUAL HARASSMENT

26. Plaintiff incorporates by reference Paragraphs 1-13 of this Complaint as though fully set forth below.

27. **SERVILLO** is a male and as such, is a member of a protected class.

28. At all material times, **SERVILLO** was an employee and Defendant was his employer covered by and within the meaning of the FCRA.

29. **SERVILLO** was, and is, qualified for the positions that he held with Defendant.

30. **SERVILLO** has endured *quid pro quo* sexual harassment, gender-based comments, harassment, jokes, unwanted sexual touching and disparate treatment while employed with Defendant, thereby altering the terms and conditions of his employment and creating a hostile work environment.

31. The acts, failures to act, practices and policies of Defendant set forth above constitute intentional discrimination on the basis of **SERVILLO**'s gender in violation of the FCRA.

32. As a direct and proximate result of the violations of the FCRA as referenced and cited herein, **SERVILLO** has lost benefits and privileges of his employment and has been substantially and significantly injured in his career path.

33. As a direct and proximate result of the violations of the FCRA as referenced and cited herein, and as a direct and proximate result of the prohibited acts perpetrated against him, **SERVILLO** is entitled to all relief necessary to make him whole as provided for under the FCRA.

34. As a direct and proximate result of Defendant's actions, **SERVILLO** has suffered damages, including but not limited to, a loss of employment opportunities, loss of past and future employment income and fringe benefits, humiliation, and non-economic damages for physical injuries, mental and emotional distress.

35. **SERVILLO** has exhausted his administrative remedies and this count is timely brought.

**WHEREFORE**, Plaintiff requests trial by jury of all issues so triable as of right, and:

i. Injunctive relief directing Defendant to cease and desist from all sexual harassment;
ii. Back pay and all other benefits, perquisites and other compensation for employment which plaintiff would have received had he maintained his position with the Defendant, plus interest, including but not limited to lost salary and bonuses;
iii. Front pay, including raises, benefits, insurance costs, benefits costs, and retirement benefits;

iv.  Reimbursement of all expenses and financial losses Plaintiff has incurred as a result of Defendant's actions;

v.  Declaratory relief declaring the acts and practices of Defendants to be in violation of the statute cited above;

vi.  Punitive damages;

vii.  Reasonable attorney's fees plus costs;

viii.  Compensatory damages, and;

ix.  Such other relief as this Court shall deem appropriate.

## COUNT III – VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964- RETALIATION

36.  Plaintiff incorporates by reference Paragraphs 1-13 of this Complaint as though fully set forth below.

37.  **SERVILLO** is a male a person and, as such, is a member of a protected class.

38.  At all material times, **SERVILLO** was an employee and Defendant was his employer covered by and within the meaning of Title VII of the Civil Rights Act of 1963, 42 U.S.C §2000e.

39.  **SERVILLO** was qualified for the positions that he held with Defendant.

40.  **SERVILLO** endured continuous *quid pro quo* sexual harassment, gender-based comments, harassment, inappropriate discipline, unwanted sexual touching, disparate treatment and inappropriate threats on his employment while employed with Defendant, thereby altering the terms and conditions of his employment and creating a hostile work environment, which, after **SERVILLO** complained, caused the separation of his employment with Defendant.

41. **SERVILLO** complained to Defendant about the sexual harassment, hostile environment, unwanted sexual touching, violation of policies and retaliation, and Defendant clearly observed his growing discomfort concerning the same.

42. **SERVILLO**'s complaints constitute a protected activity because his complaints were concerning an unlawful activity of Defendant.

43. Said protected activity was the proximate cause of Defendant's negative employment actions against **SERVILLO**.

44. Instead of preventing said treatment, Defendant retaliated against **SERVILLO**.

45. The acts, failures to act, practices and policies of Defendant set forth above constitute retaliation in violation of Section 703 of Title VII, 42 U.S.C. § 2000e-2.

46. As a direct and proximate result of the violations of 42 U.S.C. § 2000e et seq., as referenced and cited herein, **SERVILLO** has lost all of the benefits and privileges of his employment and has been substantially and significantly injured in his career path.

47. As a direct and proximate result of the violations of 42 U.S.C. § 2000e et seq., as referenced and cited herein, and as a direct and proximate result of the prohibited acts perpetrated against him, **SERVILLO** is entitled to all relief necessary to make him whole as provided for under 42 USC § 2000e et seq.

48. As a direct and proximate result of Defendant's actions, **SERVILLO** has suffered damages, including but not limited to, a loss of employment opportunities, loss of past and future employment income and fringe benefits, humiliation, and non-economic damages for physical injuries, mental and emotional distress.

49. **SERVILLO** has exhausted his administrative remedies and this count is timely brought.

**WHEREFORE**, Plaintiff requests trial by jury of all issues so triable as of right, and:

i. Injunctive relief directing Defendant to cease and desist from all retaliation against employees who engage in statutorily protected acts;

ii. Back pay and all other benefits, perquisites and other compensation for employment which plaintiff would have received had he maintained his position with the Defendant, plus interest, including but not limited to lost salary and bonuses;

iii. Front pay, including raises, benefits, insurance costs, benefits costs, and retirement benefits;

iv. Reimbursement of all expenses and financial losses Plaintiff has incurred as a result of Defendant's actions;

v. Declaratory relief declaring the acts and practices of Defendant to be in violation of the statute cited above;

vi. Punitive damages;

vii. Reasonable attorney's fees plus costs;

viii. Compensatory damages, and;

ix. Such other relief as this Court shall deem appropriate.

### COUNT VII – VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT OF 1992- RETALIATION

50. Plaintiff incorporates by reference Paragraphs 1-13 of this Complaint as though fully set forth below.

51. **SERVILLO** is a male a person and, as such, is a member of a protected class.

52. At all material times, **SERVILLO** was an employee and Defendant was his employer covered by and within the meaning of the FCRA.

53. **SERVILLO** was qualified for the positions that he held with Defendant.

54. **SERVILLO** endured continuous *quid pro quo* sexual harassment, gender-based comments, harassment, inappropriate discipline, unwanted sexual touching, disparate treatment and inappropriate threats on his employment while employed with Defendant, thereby altering the terms and conditions of his employment and creating a hostile work environment, which, after **SERVILLO** complained, caused the separation of his employment with the Defendant.

55. **SERVILLO** complained to Defendant about the *quid pro quo* sexual harassment, gender harassment, hostile environment, unwanted sexual touching, violation of policies and retaliation, and Defendant clearly observed his growing discomfort concerning the same.

56. **SERVILLO**'s complaints constitute a protected activity because his complaints were concerning an unlawful activity of Defendant.

57. Said protected activity was the proximate cause of Defendant's negative employment actions against **SERVILLO**.

58. Instead of preventing said treatment, Defendant retaliated against **SERVILLO**.

59. The acts, failures to act, practices and policies of Defendant set forth above constitute retaliation in violation of the FCRA.

60. As a direct and proximate result of the violations of the FCRA, as referenced and cited herein, **SERVILLO** has lost all of the benefits and privileges of his employment and has been substantially and significantly injured in his career path.

61. As a direct and proximate result of the violations of the FCRA, as referenced and cited herein, and as a direct and proximate result of the prohibited acts perpetrated against him, **SERVILLO** is entitled to all relief necessary to make him whole as provided for under the FCRA.

62. As a direct and proximate result of Defendant's actions, **SERVILLO** has suffered damages, including but not limited to, a loss of employment opportunities, loss of past and future employment income and fringe benefits, humiliation, and non-economic damages for physical injuries, mental and emotional distress.

63. **SERVILLO** has exhausted his administrative remedies and this count is timely brought.

**WHEREFORE**, Plaintiff requests trial by jury of all issues so triable as of right, and:

i. Injunctive relief directing Defendant to cease and desist from all retaliation against employees who engage in statutorily protected acts;

ii. Back pay and all other benefits, perquisites and other compensation for employment which plaintiff would have received had he maintained his position with the Defendant, plus interest, including but not limited to lost salary and bonuses;

iii. Front pay, including raises, benefits, insurance costs, benefits costs, and retirement benefits;

iv. Reimbursement of all expenses and financial losses Plaintiff has incurred as a result of Defendant's actions;

v. Declaratory relief declaring the acts and practices of Defendant to be in violation of the statute cited above;

vi. Punitive damages;

vii. Reasonable attorney's fees plus costs;

viii. Compensatory damages, and;

ix. Such other relief as this Court shall deem appropriate.

**DEMAND FOR JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38(b) and the Seventh Amendment to the United States, the Plaintiff demands a trial by jury as to all issues triable as of right.

Respectfully submitted,

Dated: February 27, 2020  **/s/ Benjamin H. Yormak**
Benjamin H. Yormak
Florida Bar Number 71272
Trial Counsel for Plaintiff
Yormak Employment & Disability Law
9990 Coconut Road
Bonita Springs, Florida 34135
Telephone: (239) 985-9691
Fax: (239) 288-2534
Email: byormak@yormaklaw.com